Good morning, Your Honor. It's Martín Guajardo on behalf of Leo Boone. We are asking the Court to take a look at a case that I think is one of first impression with the Immigration Service because it involves a case, as the Court knows, where you have the petitioner pleading guilty to the manufacturing of methamphetamines. And at the time that he pled, first part of October of 1999, there was no requirement, as the Court is aware, in the state prosecution to require that the District Attorney's Office actually be able to plead and prove that the what he was in fact manufacturing. That signature requirement was lacking, and in this case, he pled guilty. The Immigration Service, as we know from the charging document that they issued, the notice to appear, charged, alleged the conviction, and then set forth two charges of removability. The most critical charge is the 237A2A triple I charge, which is the aggravated felony. The second is the controlled substance offense. What became critical in our case is would there be relief in this instance, or would he even be removable for that matter, if we could show that the manufacturing conviction in the state is not analogous to the one under federal law. And we set forth what we believe is the difference, and that is if there was no knowledge required until the California Supreme Court in the Correa case on October 28, 1999, then we should be entitled to present our case to the Immigration Service and essentially ask that the Court find that the charge of removability under Section 237A2A triple I as an aggravated felony could not and should not be sustained by the question that was presented then to the immigration judge down in San Diego on this case was if they would permit us to, one, terminate the proceedings, or secondly, even if we were to look at this case from a different vantage point, if you find that it is a controlled substance conviction, the question is, is there relief available? And I think that what we've done is we've set forth in our brief sufficient detail as to what transpired. Looking at the Correa case, which is the case that put to rest the controversy that we had here in California, looking in October of 1999, we look at Tefler and look at the Tefler decision as to what the state of the law was at that time. And I think that what we see is that if you're going forward with the prosecution on manufacturing, you are not having to show that the individual has knowledge. If you're going forward on prosecution that he was either in possession or had the methamphetamine available for sale, you'd have to show knowledge. And that became the critical point for us in this case. Well, Counsel, that essentially deals with the question, I think, of how you analyze it under the categorical approach. What about taking the step beyond that that this Court has consistently done, and that is to look at what's called the modified categorical approach. That is to look at the actual things beyond the charge. Well, I think that the Supreme Court addressed in Taylor the question of, okay, is it a burglary? And then we basically draw on that common law definition of what that burglary was. And we know that this Court, this circuit, looked at the ye, found in ye that a second degree car burglary was not going to be an aggravated felony, because we took that extra step and looked at what the common law definition of the burglary was. In this case, I think we have a more, we have a more primordial issue, if you will. Here we have someone who is pleading to manufacturing, and the prosecution, as in Koryan, the jury instructions, they'll go to Kalchik, and the prosecution at that time, in the decision, they cite the number of that instruction. And that is, you don't have to show the defendant had knowledge of what he was manufacturing. That is a problem, I think, that when we get to the immigration, in front of the immigration judge. If you have someone who can be convicted, whether he pleads or goes to jury trial, without the requirement that the individual know, or the government have to show that he knew, that he had knowledge, I don't think that you can use that then. Knowledge of what? Knowledge of that he was involved in the manufacturing of a controlled substance. It doesn't matter what it was, so long as he knows that it's an illegal substance. I mean, we're not saying that you have to, if. You are now, what are you telling us? Mr. Boone didn't know what he was charged with? Mr. Boone was charged with the manufacturing. There's no question that he knew. Yeah, I'm looking at the felony complaint. Willfully, unlawfully, manufacture, compound, convert, et cetera, methamphetamine. All right, and so he knows that he's charged with that. He pleaded guilty to it. Willfully. Willfully. Okay, the question is, Tefler sets forth the standard for California. In 1991, we're in 1999, eight years later, and the district attorney's office throughout the state, they're proceeding with these cases as if the individual does not have to have knowledge of that. They plead guilty to willfully, willful conduct with respect to the manufacture of a controlled substance, and the question is, is that the complaint plus the guilty plea sufficient to meet the modified Taylor approach? Why isn't it? It would not be because the requirement, the district attorney does not have to show that the individual has knowledge. There's no mens rea requirement. He didn't have to, but he did. Maybe he didn't have to, but he did because of the guilty plea. Well, I think that then what we've done is we've bootstrapped the end result to curing the defect of that the individual have knowledge. Which Velasco Medina suggests is perfectly appropriate, call it bootstrap or not. Well, I don't know that if we look closely at the decision from the Supreme Court of California and what the conclusion, modified approach or not, I think that what we have to look at is look at the language in that decision. That decision sets forth exactly what was going on in the state of California. We had a problem, and the problem is we are taking pleas from individuals that are before the state court judges for manufacturing without the DA's office having to show knowledge. I don't know that we can now, at this late date, when the individual is in front of the immigration service, simply say, well, we have a manufacturing conviction. That means it's an aggravation. Whatever problem there was that Correa solved, this prosecutor and defendant didn't have it because he pled to knowledge or to willful conduct, more accurately. The fact that he may have, if you will, pled to more than what was required to convict him does not make the state of California defense analogous to what's required in federal court. In federal court, you would not be able to get that conviction without being able to show that the individual had knowledge. So why should the government benefit from being able to get a conviction in state court without knowledge and now turn around and say, well, part of the colloquy of what is it that you did, give me a factual basis for the plea, that now we're going to say, well, this. One argument is that it always required knowledge, but the courts weren't clear on it. Now we know the answer. It always required knowledge. But in any event, there's no problem of saying, well, but you can't retroactively make that to him because, in fact, he did plead to knowledge. So he doesn't fall in any crack as a result of Correa. I mean, the law is what it is. Correa or whatever we call it. I think Correa is the one case that we have to look at that gives us the result in this case here, and that is you must be able to show that the individual, that there's knowledge there. This is not a strict liability offense. And up until the time that Correa ---- But you haven't really answered our question. And why, then, haven't they shown knowledge when you take the complaint plus the guilty plea to that complaint? For the same reasons that in Chang, this Court decides that even if the pre-sentence report where the amount exceeded $10,000, if in the judgment itself you did not have $10,000 or more listed, you would not be able to look beyond the judgment. And I think here we have a judgment for manufacturing. We have to look at that judgment in total. Suppose in the California state system, if a criminal charge is lodged against a defendant that includes more of the elements, let us say, more elements than the statute requires, and is someone in a position then after having acknowledged it to say, well, I'm really not owning up to the added element, because it seems to me that's what we have here. You've said that at least at the time it was not clear that the statute required willful conduct, required knowledge. But the charge was framed in that way. So what's the consequence of a guilty plea in that situation? I don't see that the guilty plea is vitiated at the state level in any way. That guilty plea stands. But is it also a plea that acknowledges the element that, let us say, was not at least at that time definitively said to be a part of the crime? Yes, it is. It does acknowledge it. However, the question then, the next question is, even if it's acknowledged, can you now turn around and superimpose that conviction over the Federal and say it's analogous and it has the same consequences? I say not. You're saying basically it's surplusage. That's right.  Thank you, Your Honor. Thank you, counsel. May it please the Court. Edward Olson from the U.S. Attorney's Office in San Francisco on behalf of the Respondent. The Petitioner's conviction under California Health and Safety Code 11379.6 qualifies as an aggravated felony, both under the categorical approach and under the modified categorical approach. The reason it qualifies as an aggravated felony under the categorical approach is that the Supreme Court in Correa looked at the statute and determined that the legislature intended a knowledge requirement in the statute. So Correa didn't add new law. It didn't set forth a new rule. It interpreted a statute that says what it's always said. So the Petitioner makes a lot of the fact that Correa came out three weeks after he pleaded guilty. It didn't set forth any new rule. Correa simply confirmed what the legislature had done. That's the crux of my argument. Number two, even assuming there was some ambiguity there, the Petitioner relies on a court of appeal decision called Telfer, which came out in 1991. And Telfer said that the statute did not impose a requirement that the defendant knew of the character of the substance that the defendant was being — was manufacturing. But that wasn't the most recent pronouncement by a California court of appeal on the issue. The most recent pronouncement was the California court of appeal in Correa, which said, similarly to the Supreme Court, that there was a knowledge requirement. So I think the allegation that there was — that there was this firm California pronouncement that knowledge was not a requirement, that's not a fair reflection of the state of the law at the time that the defendant pleaded guilty. But even assuming that at the time the defendant pleaded guilty, that there was not a categorical approach, it's clear here that it was an aggravated felony, because the criminal complaint alleges that the defendant willfully manufactured methamphetamine, and then the abstract of judgment reflects that the defendant pleaded guilty to count number one, which was the willful manufacture of methamphetamine. So I think assuming for purposes of an argument that there is a problem with the categorical approach, it's clear that the modified categorical approach is satisfied. I'm not sure if the Court wants me to go ahead and address the second argument that's raised in the Petitioner's brief, which is that the Petitioner was denied due process based on the fact that the immigration judge removed Mr. Guajardo's right to leave counsel and relegated him to subordinate counsel. I can address that, although I don't think the Petitioner has addressed that. I'm not sure if the Petitioner has a mandate. Is there anything you want to add to your written presentation on that? All right. Thank you, counsel. You didn't reserve any time. Do you care to take some? No, Your Honor. I can sit and rest a little. All right.  The case just argued as ordered, submitted. Thank you, counsel. The last case on our calendar for today and for the week is Susanna Ferreira v. John Ashcroft.
judges: Trott, McKeown, Shadur